Held & Hines, L.L.P.
2004 Ralph Avenue
Brooklyn, New York 11234
Telephone: (718) 531-9700
E-mail: jackangelou@hotmail.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PERNON DUNSTON,

                                                   *Civil Action No.: 1:21-cv-02345-PKC-RML*

                              **ATTORNEY AFFIDAVIT IN SUPPORT OF**
                              **MOTION TO WITHDRAW**
               Plaintiff,

- against -           **Refer to Hon. Pamela K. Chen**

PATRICIA DUNSTON, AS THE PROPOSED ESTATE
REPRESENTATIVE OF SAMUEL DUNSTON,
Deceased, PATRICIA DUNSTON, Individually, SONYA
DUNSTON, REGINA FELTON, ESQ., MARCOS
SMITH, DESMOND SCOTT, THE NUMBER ONE
STAR MANAGEMENT CORP., DEKALB FUNERAL
SERVICES, INC., NATIONAL ALLOTMENT
INSURANCE AGENCY, LTD. AND ITS SUCCESSORS
and FELTON & ASSOCIATES,

                                     Defendants.
-------------------------------------------------------------------X

**STATE OF NEW YORK** )
                         ss:
**COUNTY OF KINGS** )

        **JACK ANGELOU**, an attorney duly admitted to practice law in the State of New York, deposes and says:

        1.     I am associated with Held & Hines, L.L.P., attorneys of record for the Plaintiff herein, and I am fully familiar with the facts set forth herein by virtue of the file maintained by my office.

        2.     I make this affirmation in Support of the within Motion, seeking an Order:

  a. Pursuant to Local Civil Rule 1.4 and the New York Rules of Professional Conduct Rule 1.16, permitting counsel to withdraw as attorney of record for the Plaintiff, and

  b. For such other and further relief that may seem just and proper to the Court.

3. Your affirmant's firm was retained on or about January 28, 2021 to prosecute this action for, *inter alia*, fraud and ownership of certain corporations and real property.

4. A complaint was filed on or about April 28, 2021.

5. On or about June 7, 2021, a letter was forwarded to this Court in response to what this Court deemed to be a request for permission to file a motion to dismiss by Defendant *pro se* Regina Felton, Esq.

6. On or about June 9, 2021, this Court denied permission to file a motion to dismiss and allowed Plaintiffs until June 18, 2021 to file and serve an amended complaint.

7. During the evening of June 8, 2021, your affirmant received a telephone call from Plaintiff Pernon Dunston, during which he directed your affirmant and his firm to cease all work on his case. The client was advised by letter dated June 11, 2021 of the deadline to file and serve an amended complaint and that, in light of his decision to discharge us, we would be asking the Court for an extension of this time.

8. A letter dated June 14, 2021 was sent to the Court to advise it of this development and to grant an extension of time to file and serve an amended complaint, which time was extended by order of this Court on June 16, 2021 until July 14, 2021. The court also ordered that Plaintiff be advised of the content of the June 16, 2021 Order, which was done via letter to the client dated June 18, 2021. He was also advised that this Court had ordered us to file a motion to withdraw by June 30, 2021.

9. The client did not respond to either of the above letters. Your affirmant reached out to Roy Rebeyev, a financial adviser to the client who had acted as an intermediary between myself and the client in the past, without success. A final letter advising the client that we would be moving to withdraw was sent on June 28, 2021.

10. Pursuant to New York Rules of Professional Conduct Rule 1.16:

> (b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:
> (3) the lawyer is discharged;
>
> (d) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

11. Local Civil Rule 1.4 of this Court states:

> Withdrawal or Displacement of Attorney of Record. An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

12. Since your affirmant's firm is bound to withdraw by reason of discharge but since permission to withdraw is required by this Court, and since this Court has ordered your affirmant to do so, the within application is being made.

13. Discharge by the client is satisfactory reason for withdrawal.

14. This case is in the pre-discovery stage, the next step being amendment of the complaint.

15. No retaining or charging lien will be asserted.

16. Service of this motion will be made upon the client, upon Regina Felton, Esq., a Defendant *pro se*, and upon the non-appearing Defendants.

17. No request for this or similar relief has been made in this or any other court.

WHEREFORE, this Court is respectfully requested to grant the within application in its entirety, and to grant such other and further relief as to it may seem just and proper under the circumstances.

Dated: Brooklyn, New York
       June 29, 2021

_____
Jack Angelou

Sworn to before me this
29th day of June 2021

_____
NOTARY PUBLIC

Edward S. Miller
Notary Public, State of New York
No. 02MI4787199
Qualified in Nassau County
Commission Expires May 31, 2023